PHILLIP CHRISTIAN V. THE STATE OF TEXAS



NO. 07-05-0292-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 14, 2005



______________________________


 

PHILLIP CHRISTIAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15160-0309; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant Phillip Christian has given notice of appeal from a judgment of conviction
and sentence for the offense of theft. The appellate court clerk received and filed the trial
court clerk's record on September 14, 2005. The trial court reporter's record was filed on
September 12, 2005. 

 By letter dated October 25, 2005, the appellate clerk reminded counsel for appellant
that appellant's brief was due on October 14, 2005, and that neither the brief nor a motion
for a further extension of time had been received. Counsel for appellant was further
advised by such letter that if no response to the letter was received by November 4, 2005,
the appeal would be abated to the trial court for hearing pursuant to Rule of Appellate
Procedure 38.8(b). No response has been received. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, then whether appellant
is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; 
 if appellant desires to prosecute this appeal, whether appellant's
present counsel should be replaced; and
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.



If the trial court determines that the present attorney for appellant should be replaced, the
court should cause the clerk of this court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained attorney. 

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental 

reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than December 14, 2005.


 Per Curiam





Do not publish. 




mony that a
matter is what it is claimed to be." Tex. R. Evid. 901(b)(1). 

 The record before us illustrates that the officer who originally found or seized the
cocaine at issue did not testify or otherwise authenticate the substance prior to its
admission into evidence. Nonetheless, the officer who conducted the initial buy from
appellant at her home, who acquired 2.6 ounces of the same substance from her, and
whose purchase culminated in the search of the location did testify. Furthermore, when
asked if he recognized both the 2.6 ounces he acquired (State's Exhibit 1(a)) as well as the
seven comprising Exhibit 1(b), he replied: 

 I had packaged the narcotics. It was the crack cocaine that I had
purchased and that was also found later after the search of the residence
had been conducted. 


Then, he stated that he forwarded the exhibits "to the DPS laboratory" for analysis. (1) No
one objected to this testimony; thus, it was admissible for all purposes. See Poindexter v.
State, 153 S.W.3d 402, 406-07 (Tex. Crim. App. 2005). Given this uncontradicted
testimony, evidence appears of record sufficient to support a finding that the contents of
Exhibit 1(b) were what its proponents claimed it to be, i.e. cocaine within the possession
of appellant. Thus, we find no error in the admission of the exhibit.

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

 

Do not publish. 

 

1. The State mistakenly argues that the officer said he "received the crack cocaine from an officer while
at the Appellant's residence." Indeed, his testimony was that he left with only the 2.6 ounces he personally
acquired from appellant.